**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY DOUGLAS MINER,<br><br>          Petitioner,<br><br>    v.<br><br>GEORGE NEOTTI, Warden,<br><br>          Respondent. | NO. CV 10-07005 ODW (SS)<br><br>**ORDER DISMISSING HABEAS ACTION WITHOUT PREJUDICE** |

On September 20, 2010, Gregory Douglas Miner ("Petitioner"), a California state prisoner proceeding pro se, filed a Request For Extension Of Time (the "Motion"). In the Motion, Petitioner requests an extension of time to file a petition for writ of habeas corpus. (See Motion at 1) ("[Petitioner] respectfully prays for an extension of time - ((90) ninety days) - beyond the due date, therein to adequately present a competant [sic] petition for writ of habeas corpus."). The Court presumes that Petitioner seeks this extension to avoid the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). (See id.) ("[Petitioner's] lengthly [sic] petition is due November 10, 2010, per the statute of limitations within the United States District Court.").

According to the Motion, Petitioner "inten[ds] to introduce [a] petition for writ of habeas corpus . . . re: jury conviction on double murder, robbery/burglary charges." (Id.). Petitioner does not elaborate on his grounds for habeas relief. (See id.). However, even without this required information, the Court has determined that the relief requested cannot be granted for the reasons set forth below.

Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions. Earth Island Inst. v. Ruthenbeck, 490 F.3d 687, 694 (9th Cir. 2007) (citing Flast v. Cohen, 392 U.S. 83, 96, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968)). As Petitioner has not actually filed a federal habeas petition challenging his conviction and/or sentence, there are no adverse parties before the Court and there is no concrete dispute for this Court to decide. See Calderon v. Ashmus, 523 U.S. 740, 746, 118 S. Ct. 1694, 140 L. Ed. 2d 970 (1998) (actual "controversy" in 28 U.S.C. § 2254 action is whether petitioner is entitled to have his state-imposed conviction or sentence set aside).

Petitioner essentially seeks an advisory ruling granting him an extension of time for a federal habeas petition that he might file in the future. (See Motion at 1). Thus, the Motion seeks relief which the Court could not grant without violating the "case or controversy" requirement of the Constitution. See United States v. Leon, 203 F.3d 162, 164 (2nd Cir. 2000) (holding that a federal court lacks jurisdiction to consider the timeliness of a section 2255 petition until a petition is actually filed); Application of Wattanasiri, 982 F. Supp. 955, 958 (S.D.N.Y. 1997) (denying request for extension of limitations

period to file a section 2255 motion where there was no pending habeas petition).

Consistent with the foregoing, IT IS ORDERED that Petitioner's Motion is DENIED and that Judgment be entered dismissing this action without prejudice. IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this Order and the Judgment on Petitioner at his current address of record.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 29, 2010.

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

PRESENTED BY:


_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

3